**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

PREMIER ONE HOLDINGS, INC.,

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, a
foreign limited liability company, ROXEY
A. RANFTL; DOES 1-100, inclusive, and
ROES 1-100, inclusive,

Defendants.

_____

NATIONSTAR MORTGAGE, LLC,

Counterclaimant,

v.

PREMIER ONE HOLDINGS, INC.,

Counterdefendant.

Case No. 2:17-cv-01133-RFB-NJK

**<u>ORDER</u>**

Plaintiff's Motion to Remand (ECF No. 10)

### I.    INTRODUCTION

Before this Court comes Plaintiff / Counterdefendant Premier One Holdings, Inc. ("Plaintiff")'s Motion to Remand. (ECF No. 10).[1] For the reasons stated below, the Motion to Remand is GRANTED.

_____

[1] Plaintiff filed an identical motion at ECF No. 8, to which there is no Response and no Reply.

## II.    BACKGROUND

On March 20, 2017, Plaintiff filed a Complaint in the Eighth Judicial District Court of Clark County, Nevada. (ECF No 1-2). Plaintiff brings the following causes of action: (1) declaratory relief and quiet title; (2) preliminary and permanent injunction; and (3) unjust enrichment. On April 24, 2017, Defendant Nationstar Mortgage, LLC ("Nationstar") filed a Petition for Removal to this Court. (ECF No. 1). Nationstar asserts as the grounds for removal that the Court has original jurisdiction over the determination of the constitutionality of the state foreclosure statute at issue. On May 1, 2017, Nationstar filed an Answer with Counterclaim. (ECF No. 4). In the Counterclaim, Nationstar argues that the Court has diversity jurisdiction as well as original federal question jurisdiction – the federal question is based upon Nationstar's assertion of civil claims arising under the Constitution, laws, or treaties of the United States.[2] Nationstar brings the following Counterclaims: (1) quiet title / declaratory relief pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010 et seq.; (2) declaratory relief pursuant to the Fifth and Fourteenth Amendments; (3) quiet title pursuant to the Fifth and Fourteenth Amendments; (4) permanent and preliminary injunction; and (5) unjust enrichment. Plaintiff filed an Answer to the Counterclaim on May 22, 2017. (ECF No. 6). On May 25, 2017, Plaintiff filed a Motion to Remand to State Court. (ECF Nos. 8, 10). Nationstar filed its Response on June 8, 2017. (ECF No. 11). Plaintiff filed a Reply on June 15, 2017. (ECF No. 13).

## III.    LEGAL STANDARD

### A.  Removal Jurisdiction

28 U.S.C. § 1441(a) grants federal district courts jurisdiction over state court actions that originally could have been brought in federal court. "Removal and subject matter jurisdiction

---

[2] Nationstar's assertion of diversity jurisdiction in the Counterclaim cannot form the basis of subject matter jurisdiction, as the assertion was not made in the Petition for Removal nor in the Statement of Removal. See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000) (finding that "[a] Notice of Removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.") (citations and quotation marks omitted). Although Nationstar filed its Counterclaim within thirty days of removal, it did not file an amended Petition for Removal, and explicitly stated in its Statement of Removal – filed *after* the Counterclaim – that diversity jurisdiction was not the ground for removal. (ECF No. 5). Further, Nationstar does not rest its Opposition on the diversity ground.

statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). If the district court has not entered final judgment, and it appears that the court does not have subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

### B. Federal Question Jurisdiction

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). But even where a claim finds its origins in state rather than federal law, the Supreme Court has identified a "special and small category" of cases in which federal question jurisdiction still exists. Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677, 699 (2006). Federal jurisdiction over a state law claim may lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]"). Grable does not provide a per se "test" for federal question jurisdiction. However, the presence of all four Grable factors suggests that federal jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. Id. at 313 (citations omitted).

### IV. DISCUSSION

### A. Subject Matter Jurisdiction

In the Petition for Removal, Nationstar proffers that the Court has original jurisdiction under 28 U.S.C. § 1331, because at issue is the constitutionality of Nevada Revised Statute

("NRS") Chapter 116 and the statutory notice provisions of a homeowner's association foreclosure of a lien for delinquent assessments. In support of its argument, Nationstar cites to <u>Bourne Valley Ct. Tr. v. Wells Fargo Bank, NA</u>, 832 F.3d 1154 (9th Cir. 2016). Plaintiff argues in the Motion to Remand that there is no federal question on the face of the Complaint, and therefore the case cannot remain before this Court.

The Court finds that Nationstar's Petition for Removal provides an insufficient basis for federal question jurisdiction. The second element of the <u>Grable</u> test requires that a federal issue be actually disputed. At the time Nationstar sought to remove the case, the Ninth Circuit had already decided <u>Bourne Valley</u>. Although a petition for certiorari was filed and not denied until June 26, 2017, the Court finds that at the time Nationstar filed its Petition for Removal, a federal court had determined that the nonjudicial foreclosure scheme of NRS 116 was unconstitutional; therefore, there remained no disputed federal issue at the time of removal. As there no longer remained a disputed federal issue at the time Nationstar removed this case to federal court, the <u>Grable</u> test is not satisfied, and federal question jurisdiction is improper. The Court finds that, given the weight of this factor in this case, the Court need not analyze the remaining elements.

The Court separately finds that the type of counterclaim Nationstar asserts is not the type of substantial counterclaim over which the Court may assert jurisdiction. The Court first notes that it has long been held that declaratory judgment actions brought against *state officials* to challenge alleged interference with federal rights are matters which present federal questions. <u>Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund</u>, 636 F.3d 538, 543 (9th Cir. 2011) ("<u>Cal. Shock</u>"). Actions to enjoin or seek declaratory relief against state officials are entitled to federal jurisdiction because the presence of federal issues are "beyond dispute." <u>Id.</u> (quoting <u>Shaw v. Delta Airlines, Inc.</u>, 463 U.S. 85, 96 n.14 (1983)). However, a declaratory judgment action brought by a private party against another private party does not naturally implicate a federal issue, regardless of a defendant's assertion to the contrary. <u>Id.</u> at 544. As Nationstar is a private actor asserting a counterclaim for declaratory relief based primarily on a federal constitutional protection or defense against another private entity, this action cannot remain before this Court. <u>Dennis v. Hart</u>, 724 F.3d 1249, 1253 (9th Cir. 2013) (noting that a "federal defense" is "inadequate to confer federal

jurisdiction.") (citations and quotation marks omitted). Based upon this incurable deficiency, the Court is not persuaded by Nationstar's argument that the Notice of Removal may be amended to more specifically delineate the grounds for removal.

The Court also notes that it is not persuaded by Nationstar's argument that the coercive action doctrine allows this case to remain in federal court. Where a defendant in a state court declaratory judgment suit could have brought her own coercive action in federal court to enforce her rights, the defendant's coercive action – even if "hypothetical" and never asserted – gives rise to federal jurisdiction. Janakes v. United States Postal Serv., 768 F.2d 1091, 1093 (9th Cir. 1985) (citations omitted). Where this doctrine applies, the state court declaratory relief action is considered to have "avoided" defendant's federal coercive action. See Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 848 (2014) (describing the relevant inquiry for application of the doctrine as the consideration of the "nature of the threatened action in the absence of the declaratory judgment suit."). The doctrine is not applicable to the instant case because Nationstar does not assert a particular right, available pursuant to a statute or to federal common law, that would be enforced in a coercive action against Plaintiff. Id. at 1094.

The Court recognizes that there are limited circumstances in which quiet title claims may give rise to a coercive action based upon federal law, which would establish federal question jurisdiction even when a state court complaint is based solely on state law. The Supreme Court held in Grable that state law claims for quiet title have previously provided a basis for federal court jurisdiction. 545 U.S. at 315 (finding that "quiet title actions hav[e] been the subject of some of the earliest exercises of federal-question jurisdiction over state-law claims."). However, the cases upon which the Supreme Court relied in support of its holding involved competing quiet title claims where a separate federal statute was in dispute, and defendants asserted claims to land based upon the federal statute. See Wilson Cypress Co. v. Del Pozo Y Marcos, 236 U.S. 635, 643-644 (1915) (denying motion to dismiss in a quiet title case where the complaint involved a grant of land made pursuant to treaty and finding that "there [was] scarcely a contention of complainants which [did] not primarily or ultimately depend upon the laws of the United States."); see also Northern P. R. Co. v. Soderberg, 188 U.S. 526, 528 (1903) (finding that federal jurisdiction was

proper both on grounds of diversity and because "it appear[ed] that [plaintiff's] title rest[ed] upon a proper interpretation of the land grant act of 1864 . . . [which provided] another ground wholly independent of citizenship[.]"). In a quiet title action between two private actors, federal subject matter jurisdiction cannot be established unless a federal statute or the involvement of a state actor is at issue. The mere application of a federal constitutional protection as shield to the operation of state law is insufficient to create federal jurisdiction. Dennis, 724 F.3d at 1253. Here, Nationstar does not advance a separate federal statutory basis for its counterclaims. Because Nationstar is a private party without an independent claim of right grounded in federal law, the coercive action doctrine does not apply.

### B. Plaintiff's Request for Attorney's Fees

In the Motion to Remand, Plaintiff requests an award of reasonable costs and attorney's fees incurred in litigating the case in federal court. Nationstar contends that the request should be denied, because Nationstar removed the action upon a reasonable basis and in reliance of the precedent cited in its response.

28 U.S.C. § 1447(c) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "'Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.'" Patel v. Del Taco, Inc., 446 F.3d 996 (9th Cir. 2006) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005)). The Court finds that Nationstar lacked an objectively reasonable basis for removal, and therefore Plaintiff is entitled to reasonable attorney's fees and costs. There was no ground for removal under 28 U.S.C. § 1441; as detailed above, the Court does not have federal question jurisdiction over any of the claims in the Complaint nor over Nationstar's Counterclaim. Although Nationstar raises diversity of citizenship in its Counterclaim, diversity was explicitly rejected as a basis for removal in the Statement of Removal. As there are no unusual circumstances present that would weigh against an award, such as a delay by Plaintiff in filing the motion to remand, the Court grants the request to impose fees and costs upon Nationstar.

## V.    CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff / Counterdefendant's Motion to Remand (ECF No. 10) is GRANTED and the identical motion (ECF No. 8) is DENIED AS MOOT. The Clerk of Court is ordered to remand the case to the Eighth Judicial District Court of Clark County, Nevada. The Clerk of Court is further instructed to close the case.

**DATED** this <u>30th</u> day of June, 2018.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**